## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. DeBREW, JR., | : | |
|     Plaintiff, | : | |
| | : | |
|   v. | : | CIVIL ACTION NO. 24-CV-1161 |
| | : | |
| RED BULL DISTRIBUTING | : | |
| COMPANY, *et al.* | : | |
|     Defendants. | : | |

### MEMORANDUM

**MARSTON, J.**                                                                 **July 12, 2024**

Plaintiff James A. DeBrew, Jr. brings this employment discrimination action against his former employer, Defendant Red Bull Distributing Company,[1] alleging that Red Bull discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, Article 1 of the Pennsylvania Constitution, and a City of Allentown ordinance.  (Doc. No. 8.)  DeBrew seeks leave to proceed *in forma pauperis*.  (Doc. No. 1.)  For the following reasons, the request to proceed *in forma pauperis* is granted, and DeBrew's claims are dismissed.

---

[1] DeBrew also lists Ogletree, Deakings, Nash, Smoak, Stewart, P.C. as a Defendant in the caption of his Amended Complaint (*see* Doc. No. 8 at 1) but makes no substantive allegations concerning it.  Title VII makes it unlawful for an "employer" to discriminate.  42 U.S.C. § 2000e-2(a)(1).  So does the ADEA. 29 U.S.C. § 623(a) ("It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age.").  And Ordinance § 27-3 of the City of Allentown.  *See* Allentown, Pa., Code § 27-3 (prohibiting various forms of discrimination in employment).  To the extent DeBrew seeks to assert claims under Title VII, the ADEA, or Ordinance § 27-3 against Ogletree, the failure to allege he was ever employed by that entity means that his claim must be dismissed as not plausible.

## I.   FACTUAL ALLEGATIONS[2]

DeBrew is a 58 year old African American male.  From October 10, 2022 to November 11, 2022, he worked as a sales distributor at Red Bull, and in that role, had an assigned driving route and a set list of customers.  (*See* Doc. No. 8 at 2; Doc. No. 10 at 2, 7.)  DeBrew alleges that he saw "positive signs during his short employment" with Red Bull, based on his level of sales and his efforts to keep his clients stocked with products and marketing materials, and that this shows he "made a conscience [sic] effort to represent [Red Bull] in the best way possible, while meeting or exceeding his financial and career objectives, which [were] very important to him as an aging worker."  (Doc. No. 8-1 at 1.)  Despite those "positive signs," DeBrew claims he felt

---

[2] The operative pleading before the Court is an Amended Complaint because DeBrew's original submission used by the Clerk of Court to open this case failed to comply with the Federal Rules of Civil Procedure.  That submission consisted of only a two-page letter that did not contain a caption. Accordingly, on April 4, 2024 and May 9, 2024, the Court directed DeBrew to file an amended complaint setting forth all claims he sought to pursue in this case.  (Doc. Nos. 4, 7.)  After receiving the Court's April 4 Order, DeBrew filed a "Response" (Doc. No. 5) and a request for a protective order (Doc. No. 6.) Neither submission constituted an amended complaint that complied with the Federal Rules of Civil Procedure, as required by the April 4 Order.  Instead, the Response stated that DeBrew's original submission was not "meant to serve as a Complaint" (Doc. No. 5 at 1), and asked that the case "remain upon submission of an official Complaint" (*id.* at 2).  The request for a protective order likewise stated that DeBrew could not "release any additional information at this time."  (Doc. No. 6 at 3.)  The May 9 Order rejected both filings and advised DeBrew that if he intended to proceed he must comply with the April 4 Order and submit an amended complaint.  (Doc. No. 7.)

DeBrew filed his Amended Complaint on May 25, 2024 (Doc. No. 8), to which he attached three exhibits (Doc. Nos. 8-1, 8-2, and 8-3).  The facts set forth in this Memorandum are taken from DeBrew's Amended Complaint, to which the Court adopts the pagination assigned to the entire submission by the CM/ECF docketing system.

DeBrew also separately filed several other Exhibits on the same day.  (Doc. Nos. 9–12).  These submissions include a copy of an EEOC right to sue letter issued on December 14, 2023 (Doc. No. 9) and the documents that he submitted as part of his EEOC case (Doc. No. 9-1), a preliminary statement to the EEOC dated May 12, 2023 (Doc. No. 10), an otherwise unidentified document listing an incident occurring on November 11, 2022 (Doc. No. 11), and a form document that he appears to have submitted to the EEOC (Doc. No. 12).  Many of these submissions contain blank pages and it is unclear whether there is other information DeBrew intended to submit or if blank pages were inadvertently added to the material when DeBrew used the Electronic Document Submission ("EDS") system to file them.

"harassment and retaliation" that he believes are "part of the culture of [Red Bull] towards individuals of color and age difference." (*Id*. at 2.)

Specifically, DeBrew contends that Red Bull put him in a vehicle that had a poor maintenance record and was a source of contention during his employment because it put his life at risk as he traveled through a heavily congested city. (*Id*. at 3; *see also* Doc. No. 10 at 2–3 (referencing "vehicular harassment").)[3] He also alleges in conclusory terms that management lacked professionalism and did not follow Red Bull's policies and procedures when told about unspecified incidents of age and sex discrimination. (Doc. No. 8-1 at 3; Doc. No. 10 at 3–4.)

In addition to these general allegations, DeBrew also describes a specific "incident of intimidation" that occurred half-way through his employment. (Doc. No. 10 at 4.) As part of his employment, DeBrew was required to complete paperwork that he terms a "Driver Qualification File." (*Id.*) He was initially emailed this file on October 12, 2022, but had trouble opening the attachment, and ultimately completed it on a work computer many days after his start. (*Id.*) The submission was ultimately rejected because it was the wrong version of the file, and DeBrew was told to resubmit the file or risk termination. (*Id.*) When DeBrew went to complete the file a second time, he noticed that it was "more complex, with more information required," and while trying to remember "dates and other information," DeBrew felt intimated by the area manager, who he thought was "watching [DeBrew's] every key stroke." (*Id.* at 5.) When DeBrew asked for the manager's assistance with the file, the manager became "visibly angry and raised his voice in an aggressive manor," telling DeBrew, "You have to make a decision, do you really

---

[3] In this portion of his pleading DeBrew refers to "Exhibit 3c", concerning his preparation for his employment interview with Red Bull as proof of the "level of detail and planning" he put forth to get his job. There is no "Exhibit 3c" attached to the Amended Complaint. DeBrew may be referring to Exhibit 3d (Doc. No. 8-3), which is a list of questions and notes from "9/21/22 6:30 am" and includes questions about his work vehicle.

want this job?" (*Id.*)  According to DeBrew, the same manager had failed to "follow-up in reporting of issues told to him during the prior week of employment." (*Id.*)

DeBrew alleges that a couple of weeks after this incident, on November 7, 2022, "a client company was used to remove him from his job by letter" when the "customer did not wish to allow delivery from the Plaintiff" at its location. (*Id.* at 7.)  DeBrew claims Red Bull refused to exchange his route for a different one or to trade out that client's stop for another one, either of which would have allowed Red Bull to keep him on as a distributor. (*Id.*)  DeBrew also takes issue with the fact that Red Bull allowed him to submit a rebuttal to the client complaint but required that he do so "on the spot in his own handwriting." (*Id.*)  He suggests that he was not permitted to type a response because "someone wanted to have a handwriting sample." (*Id.*)

A few days after receiving the client complaint, Red Bull fired DeBrew.  DeBrew claims that his termination was retaliatory and done because he reported violations of Red Bull policies and procedures.  He claims it was also a product of race, age, and sex discrimination. (*Id.*)  Last, DeBrew asserts that "harassment and retaliation [have] continue[d]" since his termination in the form of a "forced entry" into his home in September 2023, but he does not explain how that intrusion is related to his former employment. (*Id.*; *see also* Doc. No. 8 at 1; Doc. No. 10 at 9.)

For each claim, DeBrew seeks damages totaling $400,000. (*See* Doc. No. 8-1.)

## II.   STANDARD OF REVIEW

Because DeBrew is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*. *See Fisher v. Miller*, 373 F. App'x 148, 149 (3d Cir. 2010) ("In this Circuit, leave to proceed IFP is based solely on a showing of indigence.  If the District Court grants the IFP motion, it files the complaint, and screens it before service pursuant to 28 U.S.C. § 1915(3)(2)(B)(ii).").

Accordingly, the Court must also consider whether DeBrew's Amended Complaint states "a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted."); *see also, e.g.*, *Zimmer v. Secretary of Dep't of Homeland Sec.*, 297 F. App'x 88, 88 (3d Cir. 2008) (affirming dismissal of employment discrimination claims brought by indigent plaintiff pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). In this regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93–94. The important consideration for the court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient

notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (quotations omitted)).  In other words, "[a] complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim."  *Prelle v. U.S. ex rel. Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (internal quotations and citations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## III.    DISCUSSION

As discussed above, DeBrew asserts various discrimination claims under Title VII and the ADEA, as well as claims for violations of the Pennsylvania Constitution and a City of Allentown ordinance.  The Court addresses each category of claims in turn.

### A.    Federal Employment Claims

DeBrew brings three categories of discrimination claims under Title VII and the ADEA. First, he contends his termination was discriminatory.  Second, he contends that Red Bull retaliated against him for reporting unlawful discrimination.  And third, he contends he was subjected to a hostile work environment.

#### 1.    <u>Termination Claims</u>

DeBrew's termination claims are analyzed under Title VII to the extent he alleges race discrimination and under the ADEA to the extent he alleges age discrimination.

##### a.    *Race Discrimination*

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2(a).  In general, to establish a *prima facie* case of employment discrimination, a plaintiff must allege that:  (1) he is a member of a protected class;

(2) he was qualified for the position in question; (3) he suffered an adverse employment action; and, (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.[4]  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).  In particular, a plaintiff must allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence that his membership in a protected class was "either a motivating or determinative factor" in his employer's adverse employment action against him.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016); *see also Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014) (explaining that to survive a motion to dismiss a plaintiff "cannot merely state that he was discharged due to his national origin" and instead "must plead facts that plausibly connect his national origin to his discharge").

DeBrew has adequately alleged that he is a member of a protected class based on his race and that he suffered an adverse employment action when Red Bull terminated his employment. He fails, however, to assert facts sufficient to raise a reasonable expectation that discovery will reveal evidence that his race was either a motivating or determinative factor in his termination. The Amended Complaint itself is largely filled with conclusory and vague allegations about race discrimination being part of the culture at Red Bull and allegations about management failing to abide by nonspecific policies—none of can form the basis of a plausible claim.  *See Iqbal*, 556 U.S. at 678.  The only facts discussed with any specificity in the Amended Complaint relate to DeBrew's work vehicle having a poor maintenance record and it being a source of contention

---

[4] A complaint need not establish a *prima facie* case to survive a motion to dismiss, because a *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim.  *Connelly*, 809 F.3d 788-89 (internal citations and quotations omitted).  Nonetheless, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]."  *Fowler*, 578 F.3d at 213.

during his employment.  (Doc. No. 8-1 at 3.)  But DeBrew has not explained how this incident was connected to his termination, let alone how it shows that his race was either a motivating or determinative factor in his termination.

DeBrew's EEOC statement adds factual details about other incidents, but again falls short of alleging facts that suggest his race was either a motivating or determinative factor in his termination.  Neither the allegations of "aggressive conversations" about safety with a warehouse manager, nor the allegations concerning DeBrew's failure to complete driver qualification paperwork, nor the allegations about a complaint from one of Red Bull's client companies mentions DeBrew's race or otherwise provides any basis for finding that race was either a motivating or determinative factor in his termination.

Accordingly, the Court finds DeBrew has failed to state plausible claim for race-based termination under Title VII.

### b.    *Age Discrimination*

To establish a *prima facie* case of age discrimination arising from an employee's termination, a plaintiff must allege that "(1) he is at least forty years old; (2) he suffered an adverse employment decision; (3) he was qualified for the position in question; and (4) he ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive."  *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). Because DeBrew does not allege that he was replaced by a younger employee, his age-based termination claim is also not plausible.

### 2.    **Retaliation Claims**

To state a *prima facie* case of retaliation under Title VII or the ADEA, a plaintiff must allege "(1) [that he engaged in] protected employee activity; (2) [an] adverse action by the

employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (applying the *McDonnell Douglas* framework to Title VII, ADEA, and PHRA retaliation claims); *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995). To pass statutory screening, a plaintiff asserting a retaliation claim must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of these elements. *Connelly*, 809 F.3d at 789.

The United States Supreme Court has identified two types of protection afforded by the statutes' anti-retaliation provisions, namely the "opposition clause" and the "participation clause." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty.*, 555 U.S. 271, 274 (2009) (citing 42 U.S.C. § 2000e-3(a)). "The opposition clause makes it 'unlawful . . . for an employer to discriminate against any . . . employe[e] . . . because he has opposed any practice made . . . unlawful . . . by this subchapter.'" *Id.* The "participation clause" makes it unlawful to discriminate "because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* Both formal and informal complaints of discrimination or harassment constitute protected activities. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001) ("[T]he complaints to [defendant], whether oral or written, formal or informal, are sufficient to satisfy the first prong of the prima facie case, provided the complaints expressed Abramson's opposition to a protected activity under Title VII.") (citing *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir. 1990)). To show that specific conduct is protected under Title VII or the ADEA, a plaintiff does not need to allege the merits of the alleged underlying discrimination, "but only

that he was acting under a good faith, reasonable belief that a violation existed." *Sumner*, 899 F.2d at 209 (internal citations omitted).

DeBrew makes vague and undeveloped allegations about "various violations of company policy, harassment, intimidation, and discrimination" that he communicated to his immediate supervisor, and through her to the human resources department. (Doc. No. 10 at 2.) But this allegation is simply too vague to put Red Bull on notice to defend the charge, and thus fails to comply with Rule 8. *Garrett*, 938 F.3d at 93. Notably, it is unclear what acts of "harassment" and "discrimination" he opposed, to whom he made that opposition known, and when those reports were made. DeBrew alleges with more specificity that he participated in the protections afforded by Title VII and the ADEA when he filed a charge with the EEOC on May 23, 2023. However, the charge was filed *after* his employment was terminated on November 11, 2022, and therefore, cannot have been the cause of that adverse action.

Accordingly, DeBrew's retaliation claims under Title VII and the ADEA are not plausible as pleaded.

### 3. Hostile Work Environment Claim

Last, DeBrew states in conclusory fashion that he experienced harassment at Red Bull based on his age and sex. Liberally construing his Amended Complaint, the Court finds that he may be attempting to allege a claim based on a hostile work environment. To plead an actionable hostile work environment under Title VII and the ADEA, a plaintiff must allege: (1) he suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present. *Starnes v. Butler Cnty. Ct. of Comm. Pl.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus.,*

*Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014); *see also Faragher v. Boca Raton*, 524 U.S. 775, 786 (1998) (stating that harassment is actionable under Title VII only if it is "so 'severe or pervasive' as to 'alter the conditions of employment and create an abusive working environment.'") (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)); *see also Glanzman v. Metro. Mgmt. Corp.*, 290 F. Supp. 2d 571, 581 (E.D. Pa. 2003) (applying the same elements to ADEA hostile work environment claim).  Workplace conduct is not measured in isolation; instead, "whether an environment is sufficiently hostile or abusive" must be judged "by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work and performance.'"  *Faragher*, 524 U.S. 787-88 (quoting *Harris*, 510 U.S. at 23).

In conducting this analysis, the court must remember that neither Title VII nor the ADEA "imposes [a] general civility code" nor do they "reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct."  *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted) (discussing Title VII); *see also Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78–81 (1998) (stating the ADEA is not "a general civility code" designed to alter fundamentally basic human interactions in the workplace, but is violated only "'[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. . . .'" (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993))).  As such, stray remarks made by non-decisionmakers that are discriminatory generally are considered insufficient to support an

11

inference of discrimination.  *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992).

Here, DeBrew has not plausibly alleged that he suffered intentional discrimination because of membership in a protected class.  Notably, his isolated allegation that his team members were mostly under age 40, and his assertions about "vehicular harassment," unprofessionalism, "intimidation" concerning his Driver Qualification File, and aggressive conversations about safety—even when viewed collectively—fail to allege a sufficiently hostile or abusive work environment causally related to his membership in a protected class.  His bald allegation that he "feels that harassment and retaliation [are] part of the culture of [Red Bull] towards individuals of color and age difference" (Doc. No. 8 at 2), is also too vague and undeveloped to allege a plausible claim.  Accordingly, the Court finds that DeBrew has failed to state a plausible claim for hostile work environment.

*      *      *

DeBrew's discrimination claims under Title VII and the ADEA are dismissed without prejudice.  DeBrew will be given the opportunity to file a second amended complaint if he can, in good faith, cure the deficiencies identified in this Memorandum.

### B.      State Constitutional Claims

In addition to his claims of employment discrimination, DeBrew also mentions Article I of the Pennsylvania Constitution in his Amended Complaint.  Pennsylvania does not, however, recognize a private right of action for money damages stemming from alleged violations of the state constitution.  *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*).  As there is no private right of action for damages under the Pennsylvania Constitution, this claim is not plausible.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain*

*Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").  Because this claim fails as a matter of law, amendment would be futile, and it is dismissed with prejudice.

### C.    City Ordinance Claims

Last, DeBrew asserts a claim for violation of City of Allentown Ordinance 27-3.  That section provides an administrative process like that imposed by Title VII for asserting claims involving employment discrimination.  *Id*. (providing it shall be an unlawful employment practice for any person or company to discriminate in employment against a person "identified as a member of a protected class").  Under that process, an employee claiming discrimination made unlawful by the Ordinance must bring an administrative claim, *id*. § 27-8, before asserting a "private cause of action" in court, *id*. § 27-10.C(1).  Because DeBrew fails to allege that he followed the procedures required by the Ordinance, this claim will be dismissed without prejudice and with leave to amend.

## IV.    CONCLUSION

For the reasons stated above, the Court dismisses DeBrew's federal discrimination claims against Red Bull without prejudice and with leave to file a second amended complaint if he is capable of alleging additional facts to support his termination, retaliation, and/or hostile work environment claims.  Likewise, the Court dismisses DeBrew's discrimination claims against Ogletree, Deakings, Nash, Smoak, Stewart, P.C without prejudice and with leave to amend if he can allege that he was employed by that entity and suffered discrimination.  His claims against both Defendants under the Pennsylvania Constitution are dismissed with prejudice.  DeBrew may, however, attempt to reassert his claims under Ordinance § 27-3 if he can in good faith cure the deficiencies identified in this Memorandum.

If DeBrew decides to file a second amended complaint, he *must* "flesh out his allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of his claim[s]." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022); (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).  In other words, he must provide a short, plain statement of the facts supporting his claims in narrative form in the body of the pleading, and may not rely solely on exhibits to state any claim he seeks to present.  An appropriate Order with additional information about amendment will be entered separately.